# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-30427
Summary Calendar

ANGELIA MCMORRIS

Plaintiff–Appellant

v.

LOUISIANA STATE PENITENTIARY; BURL CAIN; ROGER MITCHELL, Chaplain for Louisiana State Penitentiary

Defendants–Appellees

ROGER MITCHELL

Plaintiff–Appellee

v.

ANGELIA MCMORRIS, also known as Angelia Lanus

Defendant–Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-495

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

On July 19, 2004, Angelia McMorris, a former employee of Louisiana State Penitentiary ("LSP"), filed suit against LSP, Warden Burl Cain, and Chaplain Roger Mitchell ("Appellees") on account of Chaplain Mitchell's alleged sexual harassment of her. McMorris asserted causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Louisiana law. On February 9, 2007, the district court granted Appellees' motions for summary judgment. McMorris now appeals the district court's grant of summary judgment with respect to her Title VII claims.

First, McMorris asserts a Title VII sexual harassment claim against Appellees. To sustain this claim, Appellant must prove, in part, that "the employer knew or should have known of the harassment and failed to take remedial action." Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 523 (5th Cir. 2001). The alleged sexual harassment began in May 2002 and continued through November 2002. On November 7, 2002, McMorris reported the alleged sexual harassment to her supervisors. On the same day, the LSP Investigative Unit immediately initiated an official investigation, culminating in the voluntary resignation of Chaplain Mitchell.[1] LSP's response clearly constitutes proper and prompt remedial action, and McMorris's sexual harassment claim must fail.

Second, McMorris asserts a Title VII retaliation claim. To prove this claim, McMorris must show that her "employer's actions [were] harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, – U.S. –, 126 S. Ct. 2405, 2409 (2006). Due to the distress caused by the

R. 47.5.4.

[1] The "effective" date of Mitchell's resignation was extended until at least February 7, 2003. However, it is undisputed that on November 7, 2002, after Mitchell resigned, he was escorted from the premises, barred from re-entering, and had no contact with McMorris thereafter.

events surrounding the alleged sexual harassment, on December 9, 2002, McMorris submitted and LSP granted an extended leave request with an expected return date of March 3, 2003. On March 3, 2003, LSP granted another request by McMorris to extend her leave until April 1, 2003. According to McMorris, one of her supervisors called her house during this time period and told her that she had to report back to work immediately or she would be fired. As a result of this threat, on March 29, 2003, McMorris sent LSP a letter of resignation, to be effective April 13, 2003. Given that McMorris could have returned to work three days later on April 1 instead of resigning, and given that LSP promptly responded to McMorris's allegations of sexual harassment, twice granted her requests for leave, and had already accepted Chaplain Mitchell's resignation and barred him from the premises, a rational jury could not find that the supervisor's alleged threat was so harmful that it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." Id.

AFFIRMED.